TRINETTE G. KENT (State Bar No. 025180)
10645 North Tatum Blvd., Suite 200-192
Phoenix, AZ 85028
Telephone: (480) 247-9644
Facsimile: (480) 717-4781
E-mail: tkent@lemberglaw.com

Of Counsel to
Lemberg Law, LLC
A Connecticut Law Firm
1100 Summer Street
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (203) 653-3424

Attorneys for Plaintiff,
Jessaca Devlin

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jessaca Devlin, | Case No.: |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| U.S. Collections West, Inc., | |
| Defendant. | **JURY TRIAL DEMANDED** |

Plaintiff, Jessaca Devlin (hereafter "Plaintiff"), by undersigned counsel, brings the following complaint against U.S. Collections West, Inc. (hereafter "Defendant") and alleges as follows:

## JURISDICTION

1. This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district and/or where Defendant transacts business in this district.

## PARTIES

4. Plaintiff is an adult individual residing in El Mirage, Arizona, and is a "person" as defined by 47 U.S.C. § 153(39).

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Defendant is a business entity located in Phoenix, Arizona, and is a "person" as the term is defined by 47 U.S.C. § 153(39).

7. Defendant uses instrumentalities of interstate commerce or the mails in a business the principle purpose of which is the collection of debts and/or regularly collects or attempts to collect debts owed or asserted to be owed to another, and is a "debt collector" as defined by 15 U.S.C.§ 1692a(6).

2

## ALLEGATIONS APPLICABLE TO ALL COUNTS

8. Plaintiff is a natural person allegedly obligated to pay a debt asserted to be owed to Defendant.

9. Upon information and belief, Defendant purchased the alleged debt from an original creditor, was assigned the alleged debt by an original creditor, and whose primary business is the collection of purchased debts.

10. Plaintiff's alleged obligation arises from a transaction in which property, services or money was acquired on credit primarily for personal, family or household purposes, is a "debt" as defined by 15 U.S.C. § 1692a(5).

11. At all times mentioned herein where Defendants communicated with any person via telephone, such communication was done via Defendant's agent, representative or employee.

12. In February of 2015, Plaintiff, while reviewing her credit report, discovered a past due account reported by Defendant.

13. Shortly thereafter, Plaintiff contacted Defendant and during a live conversation, Defendant stated that Plaintiff owed a past due judgment of $3973.98.

14. Plaintiff disputed the alleged debt and requested verification from Defendant.

15. On February 24, 2015, Defendant executed a judgment renewal on a previous Forcible Detainer judgment against Plaintiff and added costs and interest to the previous judgment for an amount totaling $3973.98.

3

16. On March 30, 2015, Plaintiff received a verification letter from Defendant, wherein Defendant stated that the amount due on the alleged debt was $8416.10.

17. On April 14, 2015, Plaintiff received a demand letter from Defendant's attorney, stating that the amount owed is $3973.98.

18. On April 26, 2015, Plaintiff pulled another copy of her credit report and discovered that Defendant had reported a delinquent account on April 20, 2015, showing an amount due of $6968.00.

19. Defendant's discrepancies regarding the amount alleged to be due on the debt have left Plaintiff confused and uncertain as to the amount actually owed.

## COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692, *et seq.*

20. Plaintiff incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

21. The FDCPA was passed in order to protect consumers from the use of abusive, deceptive and unfair debt collection practices and in order to eliminate such practices.

22. Defendant attempted to collect a debt from Plaintiff and engaged in "communications" as defined by 15 U.S.C. § 1692a(2).

4

23. Defendant used false, deceptive, or misleading representations or means in connection with the collection of a debt, in violation of 15 U.S.C. § 1692e.

24. Defendant misrepresented the amount of the alleged debt, in violation of 15 U.S.C. § 1692e(2)(A).

25. Defendant communicated with a consumer-reporting agency and provided false credit information and/or failed to communicate that the alleged debt is disputed, in violation of 15 U.S.C. § 1692e(8).

26. The foregoing acts and/or omissions of Defendant constitute violations of the FDCPA, including every one of the above-cited provisions.

27. Plaintiff has been harmed and is entitled to damages as a result of Defendant's violations.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendant for:

A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

B. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

C. Costs of litigation and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3) and Cal. Civ. Code § 1788.30(c);

D. Punitive damages; and

E. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

| | |
|---|---|
| DATED:  July 6, 2015 | TRINETTE G. KENT |
| | By:   */s/  Trinette G. Kent* |
| | Trinette G. Kent, Esq. |
| | Lemberg Law, LLC |
| | Attorney for Plaintiff, Jessaca Devlin |